1    Counsel Of Record On Following Page

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10   ANDREW KING, CLIFFORD SHAW          **Case No.** C09-05986PJH
11   AND DEIDRA CULPEPPER on
     behalf of themselves and others     Hon. Phyllis J. Hamilton, Judge
12   similarly situated,

13              Plaintiffs,
                                         **STIPULATION TO AMEND
14        v.                             COMPLAINT; ORDER THEREON**

15   S & B ENGINEERS AND
16   CONSTRUCTORS LTD., a Texas
     Corporation doing business in       Action Filed:  November 19, 2009
17   California, and DOES 1 through 50,
18   inclusive,

19              Defendants.

20

21

22

23

24

25

26

27

28
                                                    Case No. C09-05986PJH

ELLYN MOSCOWITZ, Bar No. 129287
(emoscowitz@moscowitzlaw.com)
LAW OFFICES OF ELLYN MOSCOWITZ, P.C.
20 N. Raymond, Suite 240
Pasadena, CA 91103
Telephone:   626.568.0200
Facsimile:    626.568.0210


Attorneys for Plaintiffs


RICHARD N. HILL, Bar No. 083629
(rhill@littler.com)
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108
Telephone:  415.433.1940
Facsimile:    415.399.8490

DEMERY RYAN, Bar No. 217176
(dryan@littler.com)
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA  90067
Telephone:  310.553.0308
Facsimile:    310.553.5583


Attorneys for Defendant

1       Pursuant to Federal Rule of Civil Procedure 15(a) (Amended and

2  Supplemental Pleadings) and Local Rule 7-12 (Stipulations), the parties to the

3  above-entitled action, by and through their respective counsel, hereby stipulate as

4  follows, subject to the Court's approval:

5       WHEREAS, Plaintiffs filed its Complaint in this matter on November 19,

6  2009;

7       WHEREAS, Plaintiffs and Defendants have reached a conditional settlement

8  agreement which includes a payment to the California Labor & Workforce

9  Development Agency ("LWDA") for penalties under the California Private

10  Attorney General Act ("PAGA", Cal. Labor Code Section 2699 *et. seq.*);

11       WHEREAS, Plaintiffs agreed to exhaust all administrative remedies with the

12  LWDA, pursuant to Cal. Labor Code Section 2699.3(a), and to amend the

13  Complaint to include a claim under PAGA;

14       WHEREAS, Plaintiffs have exhausted all administrative remedies with the

15  LWDA by 1) sending written notice via certified mail to the LWDA, pursuant to

16  Labor Code § 2699.3(a)(1), on March 22, 2010 (attached hereto as Exhibit A), and

17  2) the LWDA notified Plaintiffs that it does not intend to assume jurisdiction over

18  the applicable penalty claims, pursuant to Labor Code § 2699.3(a)(2)(A), on April

19  19, 2010 (attached hereto as Exhibit B);

20       WHEREAS, Plaintiffs wish to file an amended complaint in the form of the

21  First Amended Class Action Complaint (the "First Amended Complaint"), attached

22  hereto as Exhibit C;

23       NOW THEREFORE, pursuant to the foregoing, the parties hereby agree and

24  stipulate as follows:

25       Subject to the Court's approval of this Stipulation, plaintiffs may file the

26       First Amended Complaint attached hereto as Exhibit C.

27

28

STIPULATION TO AMEND COMPLAINT

*SO STIPULATED:*

**Plaintiffs' Counsel and Class Counsel**

Dated: April ___, 2010                    LAW OFFICES OF ELLYN
                                          MOSCOWITZ, P.C.


                                          By: _____
                                          ELLYN MOSCOWITZ
                                          Attorney for Plaintiffs


**Defendant' Counsel**

Dated: April ___, 2010                    LITTLER MENDELSON, P.C.


                                          By: _____
                                          DEMERY RYAN
                                          Attorneys for Defendant


*PURSUANT TO STIPULATION, IT IS SO ORDERED:*


                     May 3
Dated: ~~April~~ ___, 2010


                                          By: _____
                                          THE HON.                  HAMILTON
                                          UNITED                 DISTRICT COURT

                                          IT IS SO ORDERED
                                          Judge Phyllis J. Hamilton

2

# EXHIBIT A

LAW OFFICES OF ELLYN MOSCOWITZ, P.C.

Principal, All Offices
Ellyn Moscowitz

Oakland
Matthew Kleckner*
M. Cristina Molteni
Ken Lau
Yuri Gottesman

*Also Admitted in Ohio

20 N. Raymond Ave., Suite 240
Pasadena, California 91103
Tel: (626) 568-0200 ♦ Fax: (626) 568-0210
_____

Writer's email:
emoscowitz@moscowitzlaw.com

Pasadena
Adam Luetto
Erika Gurrola

March 22, 2010

<u>**Via Certified Mail and Email**</u>

Victoria Bradshaw
Director, Labor Work Force Development Agency
801 K Street
Sacramento, CA. 95814

Re:   **Labor Code Private Attorney General Act Notice**

      **On Behalf of Aggrieved Employees:**

      **Deidra Culpepper, Andrew King and Clifford Shaw, on behalf of themselves and others similarly situated**

      **Against:**

      **S & B Engineers and Constructors, Ltd.**

Dear Ms. Bradshaw:

Please consider this a request under Labor Code § 2699.3 that the Labor and Workforce Development Agency investigate the violations described below or, alternatively, notify us of its intent not to investigate them, so that we may pursue a claim for civil penalties under the Labor Code Private Attorney General Act against **S & B Engineers and Constructors, Ltd**. Our office represents the above-named aggrieved employees. They filed a Class Action Unfair Competition Act Lawsuit on November 19, 2009, (King, et al. v. S & B Engineers and Constructors, Ltd., Case No. C09-05986) alleging violations of the Labor Code and Industrial Welfare Commission ("IWC") Wage Order 16-2001 and wish to seek penalties in the suit on behalf of the aggrieved employees.

The employees' allegations include:

      •    Failure to pay wages for all hours worked in violation of Labor Code § 510 and IWC Wage Order 16-2001;

Victoria Bradshaw
March 22, 2010
Page 2

- Failure to pay minimum wages in violation of Labor Code §§ 1182.11 & 1194 et seq.;

- Failure to pay daily overtime in violation of Labor Code § 510 and IWC Wage Order 16-2001;

- Failure to provide rest periods in violation of Labor Code § 226.7 and IWC Wage Order 16-2001;

- Failure to provide meal periods in violation of Labor Code §§ 226.7 & 512 and IWC Wage Order 16-2001;

- Waiting time penalties under Labor Code §§ 202 & 203;

- Failure to provide complete and accurate wage statements in violation of Labor Code § 226.

Please let us know within the required time period whether the State will pursue these penalties or whether we are free to pursue our civil suit against this employer and seek those penalties.

Sincerely,

Ellyn Moscowitz

cc:
***Via Certified Mail***
Richard Hill
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693

# EXHIBIT B



# C A L I F O R N I A
# Labor & Workforce Development Agency

**Governor**
Arnold
Schwarzenegger

**Secretary**
Victoria L. Bradshaw

Agricultural
Labor
Relations
Board

California
Unemployment
Insurance
Appeals
Board

California
Workforce
Investment
Board

Department of
Industrial
Relations

Economic
Strategy
Panel

Employment
Development
Department

Employment
Training
Panel

April 19, 2010                                             **CERTIFIED MAIL**

Law Offices of Ellyn Moscowitz
20 N. Raymond Avenue, Suite 240
Pasadena, CA  91103

RE: Employer:    S&B Engineers & Constructors, Ltd. c/o Littler Mendelson
RE: Employee(s): Deidra Culpepper, Andrew King and Clifford Shaw
RE: LWDA  No:   6104

This is to inform you that the Labor and Workforce Development Agency
(LWDA) received your notice of alleged Labor Code violations pursuant to
Labor Code Section 2699, postmarked March 22, 2010, and after review,
does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides
that "...civil penalties recovered by aggrieved employees shall be distributed
as follows: 75 percent to the LWDA for enforcement of labor laws and
education of employers and employees about their rights and responsibilities
under this code."  Labor Code Section 2699(l) specifies "[T]he superior court
shall review and approve any penalties sought as part of a proposed
settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward
a copy of the court judgment or the court-approved settlement agreement.
Please be certain to reference the above LWDA assigned Case Number in
any future correspondence.

Sincerely,

Doug Hoffner
Undersecretary


Cc:   S&B Engineers & Constructors, Ltd. c/o Littler Mendelson
      650 California Street, 20th Floor
      San Francisco, CA 94108

# EXHIBIT C

1  Ellyn Moscowitz, Esq. (SBN 129287)
   emoscowitz@moscowitzlaw.com
2  **LAW OFFICES OF ELLYN MOSCOWITZ, P.C.**
3  20 N. Raymond Avenue, Suite 240
   Pasadena, California 91103
4  Tel. (626) 568-0200
   Fax (626) 568-0210
5

6  Attorneys for Plaintiffs
   ANDREW KING, CLIFFORD SHAW, and DEIDRA CULPEPPER
7

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10

11  ANDREW KING, CLIFFORD SHAW, and          )   Case No.:  C09-05986PJH
12  DEIDRA CULPEPPER, individually and on     )
    behalf of all others similarly situated,  )   **FIRST AMENDED CLASS ACTION**
13                                            )   **COMPLAINT**
                                              )
14            Plaintiffs,                     )
                                              )   **(1) UNFAIR BUSINESS PRACTICES**
15       vs.                                  )   **(Business and Professions Code §§ 17200**
                                              )   ***et sea.)***
16  S & B ENGINEERS AND                       )   **(2) FAILURE TO PAY MINIMUM WAGE**
17  CONSTRUCTORS LTD., a Texas                )   **(Labor Code §§1182.11, 1194, 1197 and**
    corporation doing business in California, and )   **Wage Order 16-2001)**
18  DOES 1 through 50, inclusive,             )   **(3) FAILURE TO PAY OVERTIME AND**
                                              )   **DOUBLETIME (Labor Code §§ 510, 511**
19            Defendants.                     )   **and Wage Order 16-2001)**
                                              )   **(4) FAILURE TO PROVIDE MEAL AND**
20                                            )   **REST PERIODS (Labor Code §§ 226.7,**
                                              )   **512 and Wage Order 16-2001)**
21                                            )   **(5) FAILURE TO FURNISH ACCURATE**
                                              )   **WAGE STATEMENTS (Labor Code §§**
22                                            )   **226, 226.3)**
                                              )   **(6) WAITING TIME PENALTIES (Labor**
23                                            )   **Code §§ 201-203)**
                                              )   **(7) PAGA PENALTIES (Labor Code § 2698**
24                                            )   ***et sea.)***
25  _____  )
                                                  **DEMAND FOR JURY TRIAL**
26

27

28

─────────────────────────────────────────────

                    **FIRST AMENDED CLASS ACTION COMPLAINT**

Individual and representative Plaintiffs ANDREW KING, CLIFFORD SHAW and DEIDRA CULPEPPER ("Plaintiffs"), on behalf of themselves and all others similarly situated, complain against Defendants S & B ENGINEERS AND CONSTRUCTORS, LTD., a Texas corporation doing business in California (hereinafter "S & B"), and DOES 1 through 50 (hereinafter collectively as "Defendants") as follows:

## I.   INTRODUCTION

Plaintiffs bring this action on behalf of a proposed state-wide class of employees who worked in California to challenge S & B's:

(a)     failure to pay daily overtime to employees who worked more than 8 hours in a day as mandated by California Labor Code § 510 and Industrial Welfare Commission Wage Order 16-2001 (hereinafter "Wage Order 16");

(b)     failure to pay overtime wages to employees who worked more than eight hours in a day and were not subject to a *bona fide* alternative workweek schedule as mandated by California Labor Code §§ 510 and 511 and Wage Order 16;

(c)     failure to provide second meal periods to employees who worked more than 10 hours in a day as mandated by California Labor Code §§ 226.7 and 512 and Wage Order 16;

(d)     failure to provide third rest periods to employees who worked more than 10 hours in a day as provided by California Labor Code § 226.7 and Wage Order 16;

(e)     failure to provide complete and accurate itemized wage statements, as required by California Labor Code § 226;

(f)     failure to pay any wages whatsoever, including the minimum wage, to employees for compensable travel time, including on company provided transportation within the refineries and other facilities;

(g)     failure to take certain bonus payments into account when calculating the regular rate, thereby leading to incorrect and lower overtime and double-time rate; and

(h)     failure to pay former employees all wages due and owing at the time of discharge or voluntary quit, in violation of California Labor Code §§ 201, 202, and 203.

Plaintiffs bring this action on behalf of themselves and a proposed plaintiff class of all hourly,

2

**FIRST AMENDED CLASS ACTION COMPLAINT**

non-exempt on-site construction workers at the Chevron El Segundo refinery, including but not limited to pipefitters, welders, boilermakers, fire watches, hole watches, bottle watches, safety attendants, electricians, crane operators, asbestos workers, ironworkers, and quality assurance personnel employed by S & B at job sites located within the State of California from January 1, 2009 to the present.   Plaintiffs seek recovery of all allowable compensation for the above-described violations, including unpaid wages, unpaid minimum wages, unpaid overtime and double-time pay, penalties for missed meal and rest periods, restitution and restoration of sums owed, statutory penalties, declaratory and injunctive relief, and attorneys' fees and costs.

## II. <u>JURISDICTION</u>

Plaintiffs commenced this action by filing a Complaint in the Superior Court of the State of California, County of Alameda, originally entitled ANDREW KING, CLIFFORD SHAW AND DEIDRA CULPEPPER, individually and on behalf of all others similarly situated, Plaintiffs, vs. S & B ENGINEERS AND CONSTRUCTORS, LTD., a Texas corporation doing business in California as S & B, and Does 1-50, inclusive, Defendants, and designated Alameda Superior Court Case No. RG 09485375.   Defendants removed this action to the United States District Court for the Northern District pursuant to 28 U.S.C §§ 1441(a) and (b) and 1446.  This court has diversity jurisdiction over the action.

(a)     Plaintiffs are citizens of the State of California.

(b)     Plaintiffs allege on information and belief that Defendant S & B is a limited liability partnership organized and formed under the law of the State of Texas and has its principle place of business in the State of Texas.

(c)     The action is a civil action where the matter in controversy exceeds the sum $75,000, exclusive of interests and costs.

3

### III. __PARTIES__

1.       Plaintiff ANDREW KING is an adult who, at all times relevant hereto, was working for S & B at the Chevron Refinery in El Segundo California from January 1, 2009 to the present. Plaintiff KING was employed by S & B as a pipefitter at the rate of pay of $26.00 per hour.

2.       Plaintiff CLIFFORD SHAW is an adult who, at all times relevant hereto, was working for S & B at the Chevron Refinery in El Segundo California from January 1, 2009 to the present. Plaintiff SHAW was employed by S & B as a pipefitter helper at the rate of pay of $19.00 per hour.

3.       Plaintiff DEIDRA CULPEPPER is an adult who, at all times relevant hereto, was working for S & B at the Chevron Refinery in El Segundo California from January 1, 2009 to the present. Plaintiff CULPEPPER was employed by S & B as a pipefitter helper at the rate of pay of $19.00 per hour.

4.       Plaintiffs are individuals who were employed by S & B as construction employees and bring this action on their own behalf as well as on behalf of the class more fully described below.

5.       S & B is a corporation doing business in California, including an office in El Segundo, California, and is a "person" as defined by California Labor Code § 18 and California Business and Professions Code § 17201.  In addition, it is an "employer" as that term is used in the California Labor Code and in the California Industrial Welfare Commission's Orders regulating wages, hours, and working conditions.

6.       S & B is also an "employer" as that term is used in the California Labor Code and in the California Industrial Welfare Commission's Orders regulating wages, hours, and working conditions.

7.       Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 50, inclusive, and therefore sue those Defendants by those fictitious names.  Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believe and thereupon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged and that Plaintiffs' damages as alleged are proximately caused by those occurrences.

__FIRST AMENDED CLASS ACTION COMPLAINT__

1

## IV.   FACTUAL ALLEGATIONS

2   8.   S & B provides safety support and maintenance, turnaround and construction services

3   for the oil and natural gas, petrochemical, water and wastewater, and food industries in California.

4   9.   Plaintiffs, at all relevant times herein, were employed by S & B as non-exempt hourly

5   employees, in on-site construction occupations, as defined by Wage Order 16, 8 CCR § 11160(2)(C).

6   During their employment with S & B, Plaintiffs typically worked 10- to 12-hour shifts, six to seven

7   days per week.

8   10.   S & B regularly required Plaintiffs and other putative class members to work more than

9   12 hours per day and/or more than eight hours on the seventh day in a workweek, but did not pay them

10   for overtime at the correct time and one-half as well as double-time rate of pay.

11   11.   S & B regularly required Plaintiffs and other putative class members who were not

12   subject to a bona fide alternative workweek schedule to work more than eight hours per day, but did

13   not pay them for overtime at one and one-half times their regular rate of pay.

14   12.   S & B failed to pay Plaintiffs and other putative class members for all hours worked by

15   failing to pay them any wages, including minimum wage, for compensable travel time, including time

16   spent traveling on company-provided shuttles or buses to their work locations within the Chevron

17   refinery.

18   13.   S & B failed to pay Plaintiffs and other putative class members all wages due and

19   owing by failing to take certain bonus payments into account when calculating the regular rate,

20   thereby leading to incorrect and lower overtime and double-time rates.

21   14.   During the respective periods in which Plaintiffs were employed by S & B, Plaintiffs

22   were required to work shifts of more than 10 hours.  When Plaintiffs and other putative class members

23   were required by S & B to work shifts of more than 10 hours, they were not provided a second meal

24   period of at least 30 minutes, as required by Labor Code §§ 226.7 and 512 and Wage Order 16,

25   § (10)(B).  On information and belief, Plaintiffs allege that they and other putative class members were

26   not informed of their right to take a second meal period and never waived their right to a second meal

27   period.  Further, Plaintiffs and other putative class members sometimes worked more than 12 hours in

28   a day and, pursuant to Labor Code § 512(a), meal periods are not waiveable for employees who work

**FIRST AMENDED CLASS ACTION COMPLAINT**

more than 12 hours in a day.

15.     During the respective periods in which Plaintiffs were employed by S & B, Plaintiffs were required to work shifts of more than 10 hours.  When Plaintiffs and other putative class members were required by S & B to work shifts of more than 10 hours, they were not provided with discrete rest periods of at least 10 minutes for every four hours of work performed, or major fraction thereof, as required by Labor Code § 226.7 and Wage Order 16, § (16)(11).

16.     Labor Code § 226 provides that every employer is required, "semimonthly or at the time of each payment of wages," to provide each employee an itemized wage statement, including, *inter alia,* the total hours worked by the employee (except for salaried employees), and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."  Lab. Code § 226(a).   During the respective periods in which Plaintiffs were employed by S & B, S & B failed to provide complete and accurate itemized wage statements as required by Labor Code § 226 in that the wage statements provided did not include the correct hourly rates of pay in effect during the pay period and/or did not include the accurate number of hours worked and/or did not provide the correct regular, overtime or double-time rates of pay.  The wage statements provided by S & B to Plaintiffs and other putative class members were incomplete and defective in that they did not include and state the hourly rates at which employees were paid and the correct "corresponding number of hours worked at each hourly rate by the employee."  Labor Code § 226(a).

17.     S & B failed to pay former employees all wages due and owing at the time of discharge or voluntary quit, in violation of California Labor Code §§ 201, 202, and 203.

18.     Plaintiffs bring this action as a class action on behalf of all of S & B's non-exempt construction employees harmed by Defendants' failure to follow and satisfy the requirements of the Labor Code and Wage Order 16.  Plaintiffs seek back pay, restitution and restoration of property, penalties, and attorneys' fees and costs under Wage Order 16 and, among other sections, Labor Code §§ 226, 226.7, 558 and 1194 and Business and Professions Code §§ 17200, *et seq*.

**FIRST AMENDED CLASS ACTION COMPLAINT**

1

## V. <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

2     19.    As to the penalty claims under the California Private Attorney General Act (Cal.

3 Labor Code Section 2699 *et. seq.*), Plaintiffs have exhausted their administrative remedies by the

4 filing of a claim letter to the California Labor and Workforce Development Agency ("LWDA") on

5 March 22, 2010.  The LWDA notified Plaintiffs that it does not intend to assume jurisdiction over

6 the applicable penalty claims on April 19, 2010, pursuant to Labor Code § 2699(a)(2)(A).

7 Therefore, Plaintiffs have exhausted their administrative remedy to the penalty claims.

8

9

## VI. <u>CLASS ACTION ALLEGATIONS</u>

10     20.    Plaintiffs bring this action on behalf of themselves and all others similarly situated as a

11 class action under Code of Civil Procedure § 382.  Specifically, Plaintiffs seek to represent the class of

12 all hourly non-exempt construction employees who performed work for S & B from January 1, 2009

13 through the present at the Chevron Refinery in El Segundo, California.   Plaintiffs also seek to

14 represent the following sub-classes:

15        (a)    All hourly non-exempt construction employees who performed work for S & B

16            at the Chevron Refinery in El Segundo, California from January 1, 2009

17            through the present and until compliance with the law, inclusive, who were not

18            paid correct overtime when they worked more than 12 hours in a day and/or

19            more than eight hours on the seventh day in a workweek;

20        (b)    All hourly non-exempt construction employees who performed work for S & B

21            at the Chevron Refinery in El Segundo, California from January 1, 2009

22            through the present and until compliance with the law, inclusive, who were not

23            subject to a bona fide alternative workweek schedule and who were not paid one

24            and one-half times their regular rate when they worked more than eight hours in

25            a day;

26        (c)    All hourly non-exempt construction employees who performed work for S & B

27            at the Chevron Refinery in El Segundo, California from January 1, 2009

28            through the present and until compliance with the law, inclusive, who were not

7

paid any wages whatsoever, including minimum wage, for certain hours worked, including their time spent traveling on company mandated transportation within the refineries and other facilities to their work locations;

(d)     All hourly non-exempt construction employees who performed work for S & B at the Chevron Refinery in El Segundo, California from January 1, 2009 through the present and until compliance with the law, inclusive, who worked more than 10 hours in a day and were not provided a second meal period;

(e)     All hourly non-exempt construction employees who performed work for S & B at the Chevron Refinery in El Segundo, California from January 1, 2009 through the present and until compliance with the law, inclusive, who worked more than 10 hours in a day but were not permitted to take a third rest period;

(f)     All hourly non-exempt construction employees who performed work for S & B at the Chevron Refinery in El Segundo, California from January 1, 2009 through the present and until compliance with the law, inclusive, who did not receive complete and accurate wage statements;

(g)     All hourly non-exempt construction employees who performed work for S & B at the Chevron Refinery in El Segundo, California from January 1, 2009 through the present and until compliance with the law, inclusive, whose regular rates of pay were miscalculated by S & B as a result of S & B's failure to take certain bonus payments into account, thereby leading to an incorrect and lower overtime and double-time rates; and

(h)     All hourly non-exempt construction employees who performed work for S & B at the Chevron Refinery in El Segundo, California from January 1, 2009 through the present and until compliance with the law, inclusive, who were not paid all wages due upon discharge or voluntary quit as required by Labor Code §§ 201-203.

21.     The class and subclasses Plaintiffs seek to represent, as described above, contain numerous members and are clearly ascertainable.  Plaintiffs reserve the right under Rule 3.765 of the

8

**FIRST AMENDED CLASS ACTION COMPLAINT**

California Rules of Court, to amend or modify the class and sub-class descriptions with greater specificity or further division into additional sub-classes or limitation to particular issues.

22.     Defendants, by their practices and policies, have unlawfully violated the rights of employees under the laws and regulations of the State of California.  The questions raised are, therefore, of common or general interest to the class members, and they have a well-defined community of interest in the questions of law and fact raised in this action.

23.     Plaintiffs' claims are typical of those of the class, as Plaintiffs now suffer and have suffered in the past from the same violations of the law as other putative class members.  Plaintiffs have retained competent counsel to represent themselves and the class, and Plaintiffs will fairly and adequately represent the interests of the class.

24.     This action may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class and subclasses are easily ascertainable.

**Numerosity**

25.     The members of the proposed class are so numerous that joinder of all the members of the class is impracticable.  While the precise number of class members has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed as many as 700 workers or more in the relevant time period.

26.     Plaintiffs allege that Defendants' employment records would contain relevant information as to the number of putative class members.

**Commonality**

27.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  Those common questions of law and fact include, without limitation, the following:

(a)     Whether Defendants violated Labor Code § 226 by failing to provide required information on wage statements, such as hours worked, and whether those statements were accurate;

**FIRST AMENDED CLASS ACTION COMPLAINT**

(b)  Whether Defendants paid class members for all hours worked, including their time spent traveling on company mandated transportation within the refineries and other facilities to their work locations;

(c)  Whether Defendants paid class members at the correct overtime rate for hours worked in excess of 12 in a day and/or in excess of eight hours on the seventh day in a workweek;

(d)  Whether Defendants paid class members who were not subject to a bona fide alternative workweek schedule at the correct time and one-half for hours worked in excess of eight;

(e)  Whether Defendants failed to provide class members with all of their required meal periods;

(f)  Whether Defendants failed to provide class members with all of their required rest periods;

(g)  Whether Defendants failed to pay departing class members all wages due at the time of discharge or voluntary quit in violation of Labor Code §§ 201-203;

(h)  Whether Defendants failed to calculate the regular rate of pay correctly by failing to account for certain bonuses in that calculation;

(i)  Whether Defendants had a policy or practice of not paying class members for travel time, including on company provided transportation within the refineries;

(j)  Whether Plaintiffs and the members of the class are entitled to equitable relief pursuant to Business and Professions Code §§ 17200, *et seq.*

**Typicality & Adequacy of Representation**

28.  The claims of Plaintiffs are typical of the claims of the proposed class.  Plaintiffs and all members of the proposed class sustained injuries and economic loss arising out of and caused by Defendants' common course of conduct in violation of laws and regulations alleged herein.

29.  Plaintiffs will fairly and adequately protect the interests of all proposed class members. Plaintiffs have no interests that are antagonistic to those of the proposed class and are not subject to

10

**FIRST AMENDED CLASS ACTION COMPLAINT**

any unique defenses.  Plaintiffs also have retained counsel who are experienced in class actions and in representing the rights of employees.

**Superiority of Class Action**

30.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class.  Each member of the class has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices.

31.     Class action treatment will allow those similarly-situated persons to litigate their claims in the manner that is most effective and economical for the parties and the judicial system.  Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

32.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all proposed class members is impractical.  Even if every proposed class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts if individual litigation of numerous cases were to be required.  Individualized litigation also would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, gives rise to fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each proposed class member.  Plaintiffs do not anticipate difficulties in the management of this action.

## VII.   LABOR CODE PRIVATE ATTORNEY GENERAL ACT ("PAGA") REPRESENTATIVE ACTION DESIGNATION

33. Plaintiffs reallege and incorporate paragraphs 1 through 32, inclusive, as though set forth fully herein.

11

**FIRST AMENDED CLASS ACTION COMPLAINT**

34.  The Causes of Action alleged herein are appropriately suited for a Representative Action under PAGA (Labor Code § 2698 et seq.) because:

a. This action involves allegations of violations of provisions of the California Labor Code that either do not provide for a civil penalty or provide for civil penalty to be assessed and collected by the LWDA or any departments, divisions, commissions, boards, agencies or employees;

b. Plaintiffs are "aggrieved employees" because they was employed by the alleged violator and had one or more of the alleged violations committed against them, and therefore is properly suited to represent the interests of all other current and form employees of Defendants;

c. Plaintiffs seek to recover all applicable penalties under PAGA on behalf of themselves and all other current and former employees, including but not limited to, all unpaid or underpaid wages pursuant to Labor Code § 558 and Reynolds v. Bement (2005) 36 Cal.4th 1075, 1089;

d.  Plaintiffs have satisfied the procedural requirements of Labor Code § 2699.3, as set forth above.

## VIII.   FIRST CAUSE OF ACTION

### (UNFAIR BUSINESS PRACTICES – CAL. BUS. & PROF. CODE §§ 17200, *et seq.* -- ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

35.    Plaintiffs reallege and incorporate paragraphs 1 through 34, inclusive, as though set forth fully herein.

36.    California Business and Professions Code §§ 17200, *et seq.* prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

37.    Beginning at an exact date unknown to Plaintiffs, but at least since January 1, 2009, S & B committed unlawful acts as defined by California Business and Professions Code §§ 17200, *et seq.*  Defendants have engaged in unlawful and unfair business practices including, but not limited to, violations of:

**FIRST AMENDED CLASS ACTION COMPLAINT**

    (a)       Labor Code §§ 201-203 (wages at discharge);

    (b)       Labor Code § 204 (payment of wages);

    (c)       Labor Code § 226 (itemized wage statements);

    (d)       Labor Code §§ 226.7 and 512 (failure to provide meal periods and rest breaks)

    (e)       Labor Code § 510 (day worked is 8 hours);

    (f)       Labor Code § 511 (alternative workweeks schedules)

    (g)       Labor Code §§ 1174 and 1174.5 (failure to maintain accurate records);

    (h)       Labor Code §§ 1194 (failure to pay all wages, including overtime and minimum wage); and

    (i)       Industrial Welfare Commission Wage Order No. 16-2001.

38.    The violations of those laws and the acts and practices described in this Complaint constitute unlawful, unfair and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200, *et seq.*

39.    As a direct and proximate result of those acts and practices, Defendants have received and continue to hold as ill-gotten gains money and property belonging to Plaintiffs and the class, in that Defendants have profited in those amounts from their unlawful practices.

40.    Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition and order restitution by Defendants to Plaintiffs for the practices alleged therein. Plaintiffs and putative class members are entitled to restitution pursuant to Business and Professions Code §§ 17203 and 17208 for all wages unlawfully withheld from them during the four years prior to the filing of this Complaint and through the present and until the violations have been corrected, together with all civil penalties owed in connection with those violations. Plaintiffs will, upon leave of the Court, amend this Complaint to state such amounts when they become ascertained.

41.    Plaintiffs' success in this action will enforce important rights affecting the public interest, and in that regard, Plaintiffs sue on behalf of the proposed class as well as on behalf of themselves and others similarly situated. Plaintiffs seek and are entitled to unpaid wages, unpaid overtime, and injunctive relief, and any other remedy owing to Plaintiffs and all others similarly

**FIRST AMENDED CLASS ACTION COMPLAINT**

situated.

42.     Injunctive relief is necessary and appropriate to prevent Defendants from repeating or continuing their wrongful business practices alleged above.

43.     In order to prevent Defendants from profiting and benefiting from their wrongful and illegal acts, an order requiring Defendants to restore to Plaintiffs all monies and property unlawfully gained through Defendants' unlawful conduct is appropriate and necessary.

44.     Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden incurred in pursuing this action and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action. Therefore, an award of attorneys' fees is appropriate.  Cal. Code of Civ. Proc. § 1021.5.

Wherefore, Plaintiffs pray judgment as set forth below.

## IX. <u>SECOND CAUSE OF ACTION</u>
### (FAILURE TO PROVIDE SECOND MEAL PERIOD --
### ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

45.     Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 44 above as though set forth fully herein.

46.     At all times relevant herein, Defendants S & B were "employers" of Plaintiffs and members of the proposed class within the meaning of Labor Code §§ 510, 511 and 512 and Wage Order 16, § (2)(I).

47.     At all times relevant herein, Plaintiffs and members of the proposed class were "employees" of S & B within the meaning of Labor Code §§ 510, 511 and 512 and Wage Order 16, § (2)(H).  At all relevant times, Plaintiffs and members of the proposed class also were employed by S & B in on-site construction occupations, as defined in and within the meaning of Wage Order 16, § (2)(C).

48.     As alleged above, Plaintiffs and members of the proposed class were required by S & B at various times to work more than 10 hours in a single day, including 12- to 14-hour shifts and, occasionally, shifts lasting longer than 16 hours.  On such occasions, when Plaintiffs and members of

14

the proposed class worked more than 10 hours on a single day, S & B had a policy and practice of refusing and/or failing to provide employees a second meal period of not less than 30 minutes, as required by Labor Code § 512(a) and Wage Order 16, § (10)(B).  On information and belief, Plaintiffs allege that they and members of the proposed class regularly did not waive their rights to a second meal period.

49.     Defendants' practice of failing to provide employees a second meal period of not less than 30 minutes when employees were required to work more than 10 hours in a day, and of requiring employees to work through such meal periods, constitutes a violation Labor Code §§ 226.7 and 512(a) and Wage Order 16, § (10)(B).

50.     Plaintiffs and members of the proposed class lost money and property as a direct result of the unlawful practices of S & B as alleged above in that they were required to work shifts in excess of 10 hours, were not provided a second meal period and were not compensated correctly for having been denied a second meal period.  Accordingly, Plaintiffs and members of the proposed class are entitled to proper compensation for each meal period that they wrongfully were denied and the waiting time penalties attached thereto.

51.     S & B's violations of Labor Code §§ 226.7 and 512 and Wage Order 16, as alleged above, are on-going, and will continue unless and until this Court enters an injunction barring those violations.

52.     Plaintiffs are entitled to an award of attorneys' fees and costs and expenses incurred in this action pursuant to Labor Code §§ 226 (g) and 1194 and Code of Civil Procedure § 1021.5.

53.     Plaintiffs and putative class members are entitled to recover civil penalties for Defendants' unlawful failure to provide meal periods pursuant to the Labor Code Private Attorneys General Act ("PAGA"), Labor Code section 2698, *et seq.* Under Labor Code section 2699(g)(1), Plaintiffs are also entitled to recover costs and reasonable attorneys' fees.

Wherefore, Plaintiffs pray for relief as set forth below.

**FIRST AMENDED CLASS ACTION COMPLAINT**

## X.  **THIRD CAUSE OF ACTION**

### **(FAILURE TO PROVIDE THIRD REST PERIODS –**
### **ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**

54.     Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 53 above as though set forth fully herein.

55.     As alleged above, Plaintiffs and members of the proposed class were required by Defendants S & B at various times to work more than 10 hours in a single day.  Often, the shifts lasted 12 to 14 hours and occasionally they lasted more than 16 hours.  On such occasions, when Plaintiffs and members of the proposed class worked more than 10 hours in a single day, S & B had a policy and practice of refusing and/or failing to authorize and permit employees to take a third rest period of not less than 10 minutes, as required by Labor Code § 226.7 and Wage Order 16, § (11)(A).   On information and belief, Plaintiffs allege that they and members of the proposed class regularly did not waive their rights to a third rest period.

56.     Defendants' practice of failing to provide employees a third rest period of not less than 10 minutes when employees were required to work more than 10 hours in a day, and of requiring employees to work through such rest periods, constitutes a violation of Labor Code § 226.7 and Wage Order 16, § (11)(A).

57.     Accordingly, Plaintiffs and members of the proposed class are entitled to restitution and premium pay for each rest period they were wrongfully denied as provided by Labor Code § 226.7.

58.     S & B's violations of Labor Code § 226.7 and Wage Order 16, as alleged above, are on-going, and will continue unless and until this Court enters an injunction barring such violations.

59.     Plaintiffs are entitled to an award of attorneys' fees and costs and expenses incurred in this action pursuant to Labor Code §§ 226(g) and 1194 and Code of Civil Procedure § 1021.5.

60. Plaintiffs and putative class members are entitled to recover civil penalties for Defendants' unlawful failure to provide rest breaks pursuant to the Labor Code Private Attorneys General Act ("PAGA"), Labor Code section 2698, *et seq.* Under Labor Code section 2699(g)(1), Plaintiffs are also entitled to recover costs and reasonable attorneys' fees.

Wherefore, Plaintiffs pray for relief as set forth below.

**FIRST AMENDED CLASS ACTION COMPLAINT**

## XI. FOURTH CAUSE OF ACTION

### (FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS –
### ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

61.     Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 60 above as though set forth fully herein.

62.     As alleged above, during all or some portion of the proposed class period, Defendants violated Labor Code § 226 in that they failed to provide their employees, including Plaintiffs and members of the proposed class, with complete and accurate itemized wage statements.  In particular, the statements provided by Defendants failed to accurately state "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee," as required by Labor Code § 226(a)(9).

63.     Pursuant to Labor Code § 226(e), Plaintiffs and members of the proposed class are entitled to recover the greater of actual damages or $50 for the initial pay period in which a violation occurred and $100 for each subsequent pay period in which Defendants failed to comply with the statute, up to a maximum of $4000 per employee.

64.     Pursuant to Labor Code § 226(g), Plaintiffs are entitled to injunctive relief and an order by this Court requiring Defendants to comply with all provisions of Labor Code § 226.  Plaintiffs also are entitled to an award of attorneys' fees and costs incurred in bringing this action.  Lab. Code § 226(e); Cal. Code Civ. Proc. § 1021.5.

65.     Plaintiffs and putative class members are entitled to recover civil penalties for Defendants' unlawful failure to provide itemized wage statements pursuant to the Labor Code Private Attorneys General Act ("PAGA"), Labor Code section 2698, *et seq.* Under Labor Code section 2699(g)(1), Plaintiffs are also entitled to recover costs and reasonable attorneys' fees.

        Wherefore, Plaintiffs pray for relief as set forth below.

## XII.   FIFTH CAUSE OF ACTION

### (UNPAID STRAIGHT TIME, MINIMIM WAGE, OVERTIME AND DOUBLE-TIME PAY – ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

66.    Plaintiffs reallege and incorporate paragraphs 1 through 65, inclusive, as though fully set forth herein.

67.    Labor Code § 510 and Wage Order 16, provide, among other things:

(a)    One and one-half times the employee's regular rate of pay for all hours worked in excess of eight hours and up to and including 12 hours in any workday, and for the first eight hours worked on the seventh consecutive day of work in a workweek; and

(b)    Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight hours on the seventh consecutive day of work in a workweek.

68.    Eight hours of labor constitutes a day's work, unless it is otherwise stipulated by the parties to a contract.

69.    Plaintiffs and the members of the class have worked for Defendants in excess of 12 hours in a day and in excess of eight hours on the seventh day in a workweek, but have not received pay for those hours at double the regular rate of pay.

70.    At times when no bona fide alternative workweek schedule was in effect, Plaintiffs and the members of the class have worked for Defendants in excess of eight hours in a day without receiving pay for those hours at one and one-half times the regular rate of pay.

71.    S & B also failed to pay Plaintiffs and other putative class members for all hours worked by failing to pay them, as appropriate, straight time, minimum wage, overtime or double-time wages for compensable travel time, including time spent traveling on company-provided shuttles or buses to their work locations within the refineries.

72.    Plaintiffs seek to recover all unpaid straight time, overtime and double time wages and interest due to Plaintiffs and other putative class members, as well as minimum wage and liquidated damages, if appropriate, pursuant to Labor Code §§ 1194 and 1194.2.

73.     Plaintiffs seek attorneys' fees under Labor Code § 1194 which provides for a private right of action to recover unpaid overtime and minimum wage compensation and also provides for the recovery of attorney's fees and costs.

74.     Plaintiffs and putative class members are entitled to recover civil penalties for Defendants' unlawful failure to provide minimum wage, overtime and double-time pursuant to the Labor Code Private Attorneys General Act ("PAGA"), Labor Code section 2698, *et seq.* Under Labor Code section 2699(g)(1), Plaintiffs are also entitled to recover costs and reasonable attorneys' fees.

Wherefore, Plaintiffs pray judgment as set forth herein below.


## XIII.   <u>SIXTH CAUSE OF ACTION</u>
### (WAITING TIME PENALTY –
### ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

75.     Plaintiffs incorporate by reference in this cause of action each allegation of paragraphs 1 through 74, inclusive, as though fully set forth herein.

76.     Labor Code §§ 201, 202 and 204 require an employer to pay its employees all wages due within the time specified by law.  Labor Code § 203 provides that if an employer willfully fails to pay those wages within the time specified by Labor Code §§ 201 or 202, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

77.     Defendants unfairly and unlawfully have failed to pay Plaintiffs and the class all wages earned in their employment on regular paydays and when due, as established by Labor Code §§ 201, 202, and 204.  Defendants' failures to pay include, but are not limited to failures to pay for all hours worked, failures to pay overtime, and failures to pay wages owed and due at time of discharge or voluntary quit.

78.     Plaintiffs and all other class members who ceased employment with S & B are entitled to unpaid compensation, but to date have not received that compensation.

79.     More than 30 days have passed since Plaintiffs and certain class members left S & B's employ.

**FIRST AMENDED CLASS ACTION COMPLAINT**

80.     As a consequence of S & B's willful failure to timely compensate Plaintiffs and class members timely for all hours worked, Plaintiffs and class members whose employment ended during the Class Period are entitled to 30 days' wages under Labor Code § 203, together with interest thereon.

81. Plaintiffs and putative class members are entitled to recover civil penalties for Defendants' unlawful failure to provide wages upon discharge pursuant to the Labor Code Private Attorneys General Act ("PAGA"), Labor Code section 2698, *et seq.* Under Labor Code section 2699(g)(1), Plaintiffs are also entitled to recover costs and reasonable attorneys' fees.

Wherefore, Plaintiffs pray judgment as set forth herein below.

## XIV.   SEVENTH CAUSE OF ACTION
### (PAGA CLAIM –
### ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

82.     Plaintiffs realleges and incorporates by this reference paragraphs 1 through 81 inclusive, as though fully set forth herein.

83.     Defendants and each of them have violated numerous sections of the California Labor Code which are aforementioned in the paragraphs incorporated.  Specifically, Defendants and each of them violated California Labor Code §§ 204, 221, 510, 515, 515.5, 1194, 1197, 1198 and 1771 by failing to pay earned wages to the employees, including Plaintiffs, such as regular, overtime and double time wages, as well as minimum prevailing wages.  Defendants also violated California Labor Code 201, 202 and 203 by failing to pay all wages due upon the employee's resignation or discharge. Defendants also violated California Labor Code 512 and 226.7 by failing to provide second meal periods and third rest breaks.  Based on the failure to pay wages for overtime and working meal and break periods, Defendants also violated California Labor Code 226 by failing to provide accurate, itemized wage statements.

84.     Plaintiffs are informed and believe, and based thereon alleges, that Defendant have violated the California Labor Code in the same manner with respect to other current and former non-exempt employees within the previous four years.

**FIRST AMENDED CLASS ACTION COMPLAINT**

85.     Pursuant to Labor Code 2699, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commission, boards, agencies, or employees, for violation of the code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees, pursuant to the procedures specified in Labor Code 2699.3.

86.     On March 22, 2010, Plaintiffs sent written notice, via certified mail, to the LWDA and the Defendants regarding the California Labor Code's specific provisions that were violated, including the facts and theories to support the alleged violations.

87.     The LWDA notified Plaintiffs that it does not intend to assume jurisdiction over the applicable penalty claims on April 19, 2010, pursuant to Labor Code § 2699(a)(2)(A).   Therefore, Plaintiffs have exhausted their administrative remedy as to the penalty claims.

88.     Pursuant to section 2699.3(a)(2)(A), an aggrieved employee may commence a civil action for penalties on behalf of himself, the State of California, and Defendants' other aggrieved employees and former employees.

89.     Plaintiffs request that Defendants cure all unlawful practices and abate each violation alleged by Plaintiff in the incorporated paragraphs for each of its remaining employees.   Plaintiffs further requests that Defendants comply with the underlying statutes as specified in this complaint, and any aggrieved employee, included but not limited to Plaintiff, is made whole.

90.     For bringing this action, Plaintiffs are entitled to attorney's fees in connection with the filing of this lawsuit and any other legal expenses accrued during the process of making Defendants comply with the California Labor Code.   Also, Plaintiffs are entitled to receive at least 25% of all statutory penalties assessed against Defendants.

## PRAYER FOR RELIEF

Plaintiffs pray for relief as follows:

1.     For an order certifying this action as a class action;

2.     For compensatory damages in amount according to proof at time of trial representing amount of unpaid straight time, overtime and double time compensation owed to Plaintiffs and the class members for the failure to pay all wages due and owing, as well as minimum wage and liquidated damages as appropriate, during the applicable

21

limitations period preceding the filing of the Complaint and up to and including the present and until the date of compliance with the law;

3.      For compensatory damages in amount according to proof at time of trial representing amount of unpaid compensation owed to Plaintiffs and the class members for missed meal and rest periods due and owing during the applicable limitations period preceding the filing of the Complaint and up to and including the present and until the date of compliance with the law;

4.      For disgorgement of profits and restitution and restoration of all costs incurred and/or losses caused by the failure to provide proper meal and rest breaks and to pay all wages due and owing in violation of Business and Professions Code §§ 17200, *et seq.*;

5.      For compensatory damages in an amount according to proof at time of trial to Plaintiffs and the class members for the failure to provide accurate, itemized wage statements during the three years preceding the filing of the Complaint and up to and including the present and until the date if compliance with the law;

6.      For the statutory amounts provided by Labor Code § 226(e) for the three years preceding the filing of the Complaint and up to and including the present and until the date of compliance with the law;

7.      For waiting time penalties as provided by Labor Code § 203:

8.      For reasonable attorneys' fees and costs as allowed by Labor Code §§ 226(e) and 1194(a), 2699 et seq. and Code of Civil Procedure § 1021.5;

9.      For all interest on any sums as allowed by law;

10.     For all costs of this suit as allowed by law; and

11.     For such other and further relief as the Court may deem proper.

Dated: April ___, 2010                LAW OFFICES OF ELLYN MOSCOWITZ, P.C.


                              By: _____
                                   ELLYN MOSCOWITZ
                                   Attorney for Plaintiffs and the proposed Plaintiff Class

**FIRST AMENDED CLASS ACTION COMPLAINT**